

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-4503

Re:  Construction of S. B. No. 423,
the Departmental Appropriation
Bill of the 47th Legislature,
with respect to the employment
of husband and wife by the
State.

COPY

We have your letter of March 30, 1942, asking for
an opinion from this Department, as follows, to-wit:

"Section 2, subsection 21, paragraph b, of
Senate Bill No. 423, known as the Departmental
Appropriation Bill of the Forty-seventh Legisla-
ture, reads as follows:

"'It is further provided that the
foregoing provisions restricting em-
ployment of both husband and wife shall
not apply to any persons who were em-
ployed and receiving compensation from
the state at any time during the month
of January, 1941.'

"This department now submits the following
fact situation:  A husband and wife had been for
some time prior to January, 1941, working for
different state departments, but during January,
1941, the wife was not employed by any state de-
partment and has not been employed by any state
department up until the present time.  The hus-
band was employed by a state department during
the month of January, 1941, had been employed for
a number of years prior thereto and has been regu-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

larly and continuously employed by the same
state department since January, 1941. The
wife is now offered employment by a differ-
ent state department than that in which her
husband is employed and desires to accept the
offered employment.

"Would the acceptance of this offer of
employment by the wife in this instance con-
flict with the rider to the General Appropria-
tion Bill covering the restriction with refer-
ence to the employment of husband and wife by
the state, or does the wife come within the
exemption above quoted?"

Your question should be answered in the negative.
The restriction of the rider has no application to the situa-
tion outlined by you. Our opinion No. 0-3785, rendered July
28, 1941, addressed to you, decides the precise question, as
follows:

"We are further of the opinion that since
the wife is within the proviso, and the prohi-
bition is bilateral, the rider can not be ap-
plied to the husband. To do so would put the
department heads or the husband and wife to
their election as to which should be retained
in the State's employ, and this would be to ap-
ply the Act to the exempted person in violation
of the terms of the proviso."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        /s/        Ooie Speer
                     Assistant

OS-MR-DDT

Approved Apr 13, 1942
Grover Sellers
First Assistant Attorney General

Approved Opinion Committee
By B. W. B.  Chairman

O. K. G.W.B.